IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN LEVINS,

     Plaintiff,

vs.                                   CASE NO.: 13-1486-CA

FRANK McKEITHEN, in his
official capacity as SHERIFF OF
BAY COUNTY, and JOHN BENNETT,
individually, and  TOOTSIE'S PANAMA
CITY, LLC. d/b/a TOOTSIES ORCHID
LOUNGE,

     Defendants.
_____/

## NOTICE OF REMOVAL

     To the Judges of the United States District Court for the Northern District of Florida,

Tallahassee Division, Defendants,  FRANK MCKEITHEN, in his official capacity as Sheriff of Bay

County, Florida, and JOHN BENNETT, individually, by and through undersigned counsel, pursuant

to the provisions of 28 U.S.C. §1446, hereby file this Notice of Removal and states:

     1.    On August 23, 2013, an action was commenced against the above-referenced

Defendants in the Circuit Court of the Fourteenth Judicial Circuit,  in and for Bay County, Florida.

Service of summons was effected  upon Defendants on October 16, 2013, 2013.

     2.    The above-styled action, as described in the Complaint, is a civil action of which this

Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1343, and is one which

may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §§1441(b) and

1443, in that Plaintiff, John levins,  has alleged that Defendant(s) have violated his  federal statutory

or constitutional rights.

3.     Specifically, it is alleged in the Complaint that Defendant(s) violated Plaintiff's Fourth Amendment right to be free from unreasonable seizure, and 42 U.S.C. §1983 by using excessive force against him during his arrest.

4.     This Court also has supplemental jurisdiction of Plaintiff's state law claims raised under Ch. 768, Fla. Stat., pursuant to the authority found in 28 U.S.C. §1367.

5.     Pursuant to 28 U.S.C. §1446(a), Defendants MCKEITHEN and BENNET, have filed with this Notice of Removal true and legible copies of Plaintiff's Complaint and all process, pleadings or orders on file in the State Court as of the date of this Notice of Removal.

WHEREFORE, Defendants, FRANK MCKEITHEN, in his official capacity as Sheriff of Bay County, Florida, and JOHN BENNETT, individually, respectfully request that the above action now pending against them in the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida, be removed therefrom to this Court.

Respectfully submitted this 29th day of October, 2013.

/s/ Lisa Truckenbrod
LISA TRUCKENBROD
Florida Bar No. 132055
JOLLY & PETERSON, P.A.
Post Office Box 37400
Tallahassee, FL 32315
Telephone: 850-422-0282
Facsimile: 850-422-1913
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by E-Mail and Florida Courts eFiling Portal to Marie Mattox, Esq., Marie A. Mattox, P.A., 310 East Bradford Road, Tallahassee, FL 32303 this 29th day of October, 2013.

/s/ Lisa Truckenbrod
LISA TRUCKENBROD

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR BAY COUNTY, FLORIDA

JOHN LEVINS,

     Plaintiff,

vs.                                         CASE NO.: 13-1486-CA

FRANK McKEITHEN, in
his official capacity as SHERIFF
of BAY COUNTY, and JOHN
BENNETT, individually, and
TOOTSIE'S PANAMA CITY, LLC.
d/b/a TOOTSIES ORCHID LOUNGE,

     Defendants.

_____/

## NOTICE OF REMOVAL

     COME NOW, Defendants, FRANK MCKEITHEN, in his official capacity as Sheriff of Bay County, Florida, and JOHN BENNETT, individually, by and through undersigned counsel, and hereby notifies this Court that this cause has been removed to the United States District Court for the Northern District of Florida, Tallahassee Division, and respectfully incorporates the attached Notice of Removal filed on this date in that Court. The Court is notified that it shall proceed no further unless and until the case is remanded pursuant to Title 42 U.S.C. §1446(d).

     Respectfully submitted this 29th day of October, 2013.

                             _____
                             LISA TRUCKENBROD
                             Florida Bar No. 132055
                             JOLLY & PETERSON, P.A.
                             Post Office Box 37400
                             Tallahassee, FL 32315
                             Telephone: 850-422-0282
                             Facsimile: 850-422-1913
                             *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Florida Courts eFiling Portal to Marie Mattox, Esq., Marie A. Mattox, P.A., 310 East Bradford Road, Tallahassee, FL 32303 this 29th day of October, 2013.

LISA TRUCKENBROD

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR BAY COUNTY, FLORIDA

JOHN LEVINS,

      Plaintiff,

vs.                                  CASE NO.: 13-1486-CA

FRANK McKEITHEN, in his
official capacity as SHERIFF OF
BAY COUNTY, and JOHN BENNETT,
individually, and  TOOTSIE'S PANAMA
CITY, LLC, d/b/a TOOTSIES ORCHID
LOUNGE,

      Defendants.
_____/

<u>DEFENDANT BENNETT'S</u>
<u>ANSWER AND AFFIRMATIVE DEFENSES</u>

    COMES NOW, Defendant, JOHN BENNETT, in his individual capacity, as a Bay County deputy sheriff, by and through his undersigned attorney, and hereby files his "Answer and Affirmative Defenses" to the Complaint.  More specifically, Defendant BENNETT would aver as follows:

**JURISDICTION**

1.    Admitted for jurisdictional purposes only.

**PARTIES**

2.    Admit.

3.    Denied.

4.    Denied.

5.    Denied.

1

## STATEMENT OF THE ULTIMATE FACTS

6.      Denied.

7.      Denied.

8.      Denied.

9.      Without knowledge; therefore, denied.

10.     Denied.

## COUNT I
## BATTERY AGAINST DEFENDANT SHERIFF UNDER STATE LAW

11 – 15.      Defendant BENNETT is not a party defendant to this claim/count. Accordingly, he does not respond to the allegations as contained therein.  To the extent said allegations can be construed as having application to claims against Defendant BENNETT, they are specifically denied.

## COUNT II
## BATTERY AGAINST DEFENDANT BENNETT UNDER STATE LAW

16.     Defendant BENNETT incorporates his responses to paragraphs 1- 10 as if fully set forth herein.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Without knowledge; therefore, denied.

## COUNT III
## BATTERY AGAINST DEFENDANT TOL

21 - 25.      Defendant BENNETT is not a party defendant to this claim/count.

2

Accordingly, he does not respond to the allegations as contained therein.  To the extent said allegations can be construed as having application to claims against Defendant BENNETT, they are specifically denied.

<u>**COUNT IV**</u>
**<u>EXCESSIVE FORCE AGAINST DEFENDANT SHERIFF AND BENNETT</u>**

26.     Defendant BENNETT incorporates his responses to paragraphs 1- 10 as if fully set forth herein.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Without knowledge; therefore, denied.

41.     Denied.

## COUNT V
## EXCESSIVE FORCE AGAINST DEFENDANT TOL

42 - 56.      Defendant BENNETT is not a party defendant to this claim/count. Accordingly, he does not respond to the allegations as contained therein.  To the extent said allegations can be construed as having application to claims against Defendant BENNETT, they are specifically denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a First Affirmative Defense, Plaintiff's Complaint fails to state a cause of action against Defendant BENNETT for violation of his constitutional rights.

### SECOND AFFIRMATIVE DEFENSE

As a Second and separate Affirmative Defense, Defendant BENNETT was acting within the scope of his employment as  deputy sheriff, employed by the Sheriff of Bay County, Florida, and was not violating clearly established law of which a reasonable deputy would be aware. Thus, Defendant BENNETT is entitled to qualified immunity in his individual capacity.

### THIRD AFFIRMATIVE DEFENSE

As a Third and separate Affirmative Defense, any force used by Defendant BENNETT was reasonable and privileged and was undertaken for the purpose of effectuating a lawful and valid arrest.

### FOURTH AFFIRMATIVE DEFENSE

As a Fourth and separate Affirmative Defense, any force used by Defendant BENNETT was appropriate in relation to the need presented, was applied in a good faith effort to maintain control and did not cause severe injury, if any, to the Plaintiff.

4

*FIFTH AFFIRMATIVE DEFENSE*

As a Fifth and separate Affirmative Defense, any and all uses of force were reasonable and privileged in that they were utilized for the purpose of the self defense.

*SIXTH AFFIRMATIVE DEFENSE*

As a Sixth and separate Affirmative Defense, any injury incurred by the Plaintiff is totally the result of Plaintiff's own actions in resisting Defendant BENNETT'S attempts to effectuate a valid and lawful arrest.

*SEVENTH AFFIRMATIVE DEFENSE*

As a Seventh and separate Affirmative Defense, any injury or damage suffered by Plaintiff was caused solely by reason of Plaintiff's illegal or wrongful acts and conduct and/or the willful resistance to law enforcement officers in the discharge and attempt to discharge the duties of their office and not by reason of any unlawful acts or omissions of Defendant BENNETT.

*EIGHTH AFFIRMATIVE DEFENSE*

As an Eighth and separate Affirmative Defense, to the extent this action raises claims under state law, the maximum amount of any judgment which may be entered or enforced against Defendant BENNETT is limited by the provisions of Section 768.28(5), Florida Statutes.

*NINTH AFFIRMATIVE DEFENSE*

As a Ninth and separate Affirmative Defense, actions attributable to Defendant BENNETT, if any, at worst constitute mere negligence which fails to state a claim for violation of an individual's civil or constitutional rights under 42 U.S.C. §1983.

*TENTH AFFIRMATIVE DEFENSE*

As a Tenth and separate Affirmative Defense, Plaintiff cannot recover in this section

1983 action because it is an invalid collateral attack and, Plaintiff cannot recover for any harm alleged until he can show that the underlying conviction, sentence, or other actions causing harm has been reversed on direct appeal, expunged by an executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

**WHEREFORE**, having fully answered the Complaint, Defendant BENNETT invokes his right to trial by jury.

Respectfully submitted this 29th day of October 2013.

LISA TRUCKENBROD
Florida Bar No. 132055
JOLLY & PETERSON, P.A.
Post Office Box 37400
Tallahassee, FL 32315
Telephone: 850-422-0282
Facsimile: 850-422-1913

*Attorneys for Defendant Bennett*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by eFiling Portal CM/ECF only to Marie Mattox, Esq., Marie Mattox, P.A., 310 E. Bradford Road, Tallahassee, FL  32303, this 29th day of October 2013.

LISA TRUCKENBROD

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR BAY COUNTY, FLORIDA

JOHN LEVINS,

      Plaintiff,

vs.                                 CASE NO.: 13-1486-CA

FRANK McKEITHEN, in
his official capacity as SHERIFF
of BAY COUNTY, and JOHN
BENNETT, individually, and
TOOTSIE'S PANAMA CITY, LLC.
d/b/a TOOTSIES ORCHID LOUNGE,

      Defendants.

_____/

### DEFENDANT MCKEITHEN'S
### ANSWER AND AFFIRMATIVE DEFENSES

      COMES NOW, Defendant, FRANK MCKEITHEN, in his official capacity, as Sheriff of

Bay County, Florida, by and through his undersigned attorney, and hereby files his "Answer and

Affirmative Defenses" to the Complaint.  More specifically, Defendant MCKEITHEN would

aver as follows:

### **JURISDICTION**

    1.     Admitted for jurisdictional purposes only.

### **PARTIES**

    2.     Admit.

    3.     Denied.

    4.     Denied.

    5.     Denied.

1

## STATEMENT OF THE ULTIMATE FACTS

6.     Denied.

7.     Denied.

8.     Denied.

9.     Without knowledge; therefore, denied.

10.    Denied.

## COUNT I
## BATTERY AGAINST DEFENDANT SHERIFF UNDER STATE LAW

11.    Defendant MCKEITHEN incorporates his responses to paragraphs 1- 10 as if fully set forth herein.

12.    Admitted.

13.    Denied.

14.    Denied.

15.    Without knowledge; therefore, denied.

## COUNT II
## BATTERY AGAINST DEFENDANT BENNETT UNDER STATE LAW

16 - 20.     Defendant MCKEITHEN is not a party defendant to this claim/count. Accordingly, he does not respond to the allegations as contained therein.  To the extent said allegations can be construed as having application to claims against Defendant MCKEITHEN, they are specifically denied.

## COUNT III
## BATTERY AGAINST DEFENDANT TOL

21 - 25.     Defendant MCKEITHEN is not a party defendant to this claim/count.

2

Accordingly, he does not respond to the allegations as contained therein.  To the extent said allegations can be construed as having application to claims against Defendant MCKEITHEN, they are specifically denied.

**COUNT IV**
**EXCESSIVE FORCE AGAINST DEFENDANT SHERIFF AND BENNETT**

26.     Defendant MCKEITHEN incorporates his responses to paragraphs 1- 10 as if fully set forth herein.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Without knowledge; therefore, denied.

41.     Denied.

<u>COUNT V</u>
<u>EXCESSIVE FORCE AGAINST DEFENDANT TOL</u>

42 - 56.       Defendant MCKEITHEN is not a party defendant to this claim/count. Accordingly, he does not respond to the allegations as contained therein.  To the extent said allegations can be construed as having application to claims against Defendant MCKEITHEN, they are specifically denied.

<u>**AFFIRMATIVE DEFENSES**</u>

*<u>FIRST AFFIRMATIVE DEFENSE</u>*

As a First Affirmative Defense, Plaintiff's Complaint fails to state a cause of action against Defendant MCKEITHEN for violation of his constitutional rights.

*<u>SECOND AFFIRMATIVE DEFENSE</u>*

As a Second and separate Affirmative Defense, Plaintiff's Complaint fails to state a federal cause of action against Defendant MCKEITHEN because the acts complained of were not caused by an official policy, custom or practice of the Sheriff of Bay County, Florida.

*<u>THIRD AFFIRMATIVE DEFENSE</u>*

As a Third and separate Affirmative Defense, Defendant MCKEITHEN, in his official capacity, has not promoted any policies nor engaged in any practices or patterns of behavior which would have made the alleged incident more likely to occur, or which condoned or approved of any alleged improper action taken on the part of any party hereto.

*<u>FOURTH AFFIRMATIVE DEFENSE</u>*

As a Fourth and separate Affirmative Defense, no causal connection exists between actions, if any, of Defendant MCKEITHEN and the alleged deprivation of Plaintiff's civil or constitutional rights. No history of widespread abuse exists or has been alleged sufficient to put

4

Defendant MCKEITHEN on notice of the potential for civil or constitutional violations.

### FIFTH AFFIRMATIVE DEFENSE

As a Fifth and separate Affirmative Defense, Defendant MCKEITHEN was not personally involved in the incidents complained of, nor did he establish any custom or policy which caused the alleged incidents. A cause of action cannot be maintained under 42 U.S.C. §1983 under a respondeat superior theory.

### SIXTH AFFIRMATIVE DEFENSE

As a Sixth and separate Affirmative Defense, a claim of inadequate training or supervision under 42 U.S.C. §1983 will not lie absent a showing of deliberate indifference by the supervisor or agency involved.

### SEVENTH AFFIRMATIVE DEFENSE

As a Seventh and separate Affirmative Defense, because the officer involved did not violate any constitutional rights, there can be no municipal liability under § 1983.

### EIGHTH AFFIRMATIVE DEFENSE

As an Eighth and separate Affirmative Defense, Plaintiff cannot recover in this §1983 action because it is an invalid collateral attack and, Plaintiff cannot recover for any harm alleged until he can show that the underlying conviction, sentence, or other actions causing harm has been reversed on direct appeal, expunged by an executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

### NINTH AFFIRMATIVE DEFENSE

As a Ninth and separate Affirmative Defense, any force used by the Defendants was reasonable and privileged and was undertaken for the purpose of effectuating a lawful and valid

5

arrest.

### TENTH AFFIRMATIVE DEFENSE

As a Tenth and separate Affirmative Defense, any force used by the Defendants were appropriate in relation to the need presented, was applied in a good faith effort to maintain control and did not cause severe injury, if any, to the Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

As an Eleventh and separate Affirmative Defense, any and all uses of force were reasonable and privileged in that they were utilized for the purpose of the self defense.

### TWELFTH AFFIRMATIVE DEFENSE

As a Twelfth and separate Affirmative Defense, any injury or damage suffered by Plaintiff was caused solely by reason of Plaintiff's illegal or wrongful act and conduct and/or the willful resistance to law enforcement officers in the discharge and attempt to discharge the duties of their office and not be reason of any unlawful acts or omission of the Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a Thirteenth Affirmative Defense, any injury incurred by the Plaintiff is totally the result of Plaintiff's own actions in resisting Defendants' attempts to effectuate a valid and lawful arrest.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a Fourteenth and separate Affirmative Defense, actions attributable to Defendant MCKEITHEN, if any, at worst constitute mere negligence which fails to state a claim for violation of an individual's civil or constitutional rights under 42 U.S.C. § 1983.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a Fifteenth and separate Affirmative Defense, the actions of Defendant MCKEITHEN

were discretionary in nature and/or involved planning level activities for which he cannot be subject to liability or an action for damages under provisions of Section 768.28, Florida Statutes, and Defendant MCKEITHEN, in his official capacity, is immune from any claims related to such activity.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a Sixteen and separate Affirmative Defense, specifically directed to that cause of action in Count II, the Complaint fails to state a cause of action, in that if proven as alleged, Defendant MCKEITHEN is immune from liability for any acts which reflect wantonness, willfulness or maliciousness in accordance with the limitations imposed by Florida Statute §768.28(9).

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a Seventeenth and separate Affirmative Defense, to the extent this action raises claims under state law, the maximum amount of any judgment which may be entered or enforced against Defendant MCKEITHEN is limited by the provisions of Section 768.28(5), Florida Statutes.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As an Eighteenth and separate Affirmative Defense, Defendant Sheriff cannot be liable for negligent hiring and training of his deputies because such actions are policy-making activities and immune from suit under the principles of sovereign immunity.

### NINETEENTH AFFIRMATIVE DEFENSE

As a Nineteenth and separate Affirmative Defense, to the extent Plaintiff sues Defendant MCKEITHEN in his official capacity, an award of punitive damages against him are barred.

**WHEREFORE**, having fully answered the Complaint, Defendant MCKEITHEN

invokes his right to trial by jury.

Respectfully submitted this 29th day of October, 2013.

LISA TRUCKENBROD
Florida Bar No. 132055
JOLLY & PETERSON, P.A.
Post Office Box 37400
Tallahassee, FL 32315
Telephone: 850-422-0282
Facsimile: 850-422-1913

*Attorneys for Defendant McKeithen*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by eFiling Portal CM/ECF only to Marie Mattox, Esq., Marie Mattox, P.A., 310 E. Bradford Road, Tallahassee, FL 32303, this 29th day of October, 2013.

LISA TRUCKENBROD

8

Electronically Filed 08/23/2013 09:17:14 PM ET

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR BAY COUNTY, FLORIDA

JOHN LEVINS,

     Plaintiff,                       Case No. 13- 1486-CA

vs.

FRANK MCKEITHEN, in his official
capacity as SHERIFF, BAY COUNTY,
FLORIDA, JOHN BENNETT,
individually, and TOOTSIE'S
PANAMA CITY LLC d/b/a
TOOTSIE'S ORCHID LOUNGE,

# Summons

     Defendants.

_____

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition
in this action on Defendant:

     FRANK MCKEITHEN, in his official capacity as
        SHERIFF, BAY COUNTY, FLORIDA
     c/o Bay County Sheriff's Office
     3421 North Highway 77
     Panama City, FL 32405

     Each defendant is required to serve written defenses to the complaint or petition on **Marie
A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL
32303**, within 20 days after service of this summons on that defendant, exclusive of the day of
service, and to file the original of the defenses with the clerk of this court, either before serve on
plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered
against that defendant for the relief demanded in the complaint or petition.

     DATED on    AUG 26 2013     , 2013.

                             CLERK OF THE CIRCUIT COURT

                             By: _Virginia Starling_
                             Deputy Clerk

Electronically Filed 08/23/2013 09:17:14 PM ET

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR BAY COUNTY, FLORIDA

JOHN LEVINS,

     Plaintiff,

                          Case No. 13- **1486-CA**

vs.

FRANK MCKEITHEN, in his official
capacity as SHERIFF, BAY COUNTY,
FLORIDA, JOHN BENNETT,
individually, and TOOTSIE'S
PANAMA CITY LLC d/b/a
TOOTSIE'S ORCHID LOUNGE,

     Defendants.

# Summons

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     **JOHN BENNETT**
     c/o Bay County Sheriff's Department
     3241 North Highway 77
     Panama City, Florida 32405

     Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303,** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED on    AUG 2 6 2013   , 2013.

                       CLERK OF THE CIRCUIT COURT

                       By: _Virginia Starling_
                           Deputy Clerk

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR BAY COUNTY, FLORIDA

JOHN LEVINS

     Plaintiff,

v.

FRANK McKEITHEN,
in his official capacity as
SHERIFF of BAY COUNTY,
and JOHN BENNETT, individually,
and TOOTSIE'S PANAMA CITY, LLC
d/b/a TOOTSIES ORCHID LOUNGE,

     Defendants.

_____/

CASE NO. 13-CA-
FLA BAR NO. 0739685

## COMPLAINT

Plaintiff, JOHN LEVINS, hereby sues Defendants, FRANK McKEITHEN, in his official

capacity as SHERIFF of BAY COUNTY, and JOHN BENNETT, individually, and TOOTSIES

ORCHID LOUNGE, and alleges:

## JURISDICTION

1.     This is an action for damages in excess of Fifteen Thousand Dollars ($15,000)

brought under 42 U.S.C. §§1983 and 1988, and under the common law of the State of Florida.

## PARTIES

2.     At all times pertinent hereto, Plaintiff, JOHN LEVINS, has been a resident of Bay

County, Florida, and is over eighteen (18) years of age. He is thus sui juris.

3.     At all times pertinent hereto, Defendant FRANK McKEITHEN, in his official

capacity as SHERIFF of BAY COUNTY ("SHERIFF"), operated a law enforcement department

within the jurisdictional boundaries of this court, and has committed tortious acts within Florida and within the jurisdiction of this court.

4.     At all times pertinent hereto, Defendant JOHN BENNETT, individually, was a law enforcement officer with Defendant SHERIFF. He has committed the actions complained of in this case within and outside the scope of his employment with Defendant SHERIFF, and within the jurisdiction of this court. He was also employed with Defendant TOOTSIES ORCHID LOUNGE as a security guard. The Sheriff and Tootsies Orchid Lounge were Bennett's joint employer. Bennett is sued in his individual capacity.

5.     At all times pertinent hereto, Defendant, TOOTSIES ORCHID LOUNGE (hereinafter "TOL"), was organized and operating in the State of Florida and in Bay County. At all times pertinent hereto, Defendant TOL employed Defendant BENNETT as a security guard.

## STATEMENT OF THE ULTIMATE FACTS

6.     On or about August 25, 2009, Plaintiff was celebrating his birthday at Tootsies Orchid Lounge. Plaintiff was causing no problems and was not disruptive. He was simply enjoying the festivities and his friends. Suddenly, Plaintiff was yanked from behind by Defendant BENNETT who was working off-duty security at the location while he held his position with Defendant Sheriff.

7.     As Plaintiff turned around, Defendant BENNETT began to drag Plaintiff towards the exit of the location. Thereafter, Defendant BENNETT wrestled Plaintiff to the ground, handcuffed him, forced him into the back of a patrol car, and bound him with leg restraints. During this encounter, a female officer, who is believed to have been employed with Defendant Tootsies, but may have been employed by Defendant SHERIFF pepper-sprayed Plaintiff in the face. Moreover, Defendant BENNETT also used a pressure point control technique behind Plaintiff's jaw while

2

subduing him.

8.      Defendant BENNETT then grossly misrepresented the events of the evening claiming that Plaintiff committed the offense of battery on a law enforcement officer. Bennett's account of the incident was completely untrue and fabricated.

9.      As a result of this incident, Plaintiff has suffered severe neck, shoulder, hand, and wrist pain. Plaintiff suffered from bruising and laceration, as well as extreme pain and discomfort from the application of both the pressure point technique and the pepper spray.

10.      Plaintiff has retained the undersigned to represent his interests in this matter, and is obligated to pay a fee for such services. Defendants should be made to pay said fee under applicable statutes and laws.

## COUNT I
## BATTERY AGAINST DEFENDANT SHERIFF UNDER STATE LAW

11.      Paragraphs 1 through 9 are hereby realleged and incorporated herein by reference.

12.      This is an action against Defendant SHERIFF and pled in the alternative. For the purpose of this Count alone, Defendant BENNETT was acting inside the course and scope of his duties and employment with the Defendant SHERIFF.

13.      Defendant SHERIFF, through it's agent and employee, Defendant BENNETT, while acting within the scope of their employment with Defendant, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner, in that the individual Defendants battered Plaintiff, hit him and caused Plaintiff to sustain injuries. Defendant, through its agents and employees, intended to hit, push and otherwise batter the Plaintiff. This unlawful touching was also accomplished by Defendant without any justification and in the absence of any

3

justification. Defendant intended to cause harm to Plaintiff or there was substantial certainty that harm would occur.

14.     The actions by Defendant BENNETT were committed while he was an agent of Defendant SHERIFF and were committed within the course and scope of his employment with Defendant SHERIFF.

15.     As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future.

**COUNT II**
**BATTERY AGAINST DEFENDANT BENNETT UNDER STATE LAW**

16.     Paragraphs 1 through 9 are hereby realleged and incorporated herein by reference.

17.     This is an action against the Defendant BENNETT and is pled in the alternative. For the purpose of this Count alone, the Defendant BENNETT was acting outside the course and scope of his duties and employment with Defendant SHERIFF.

18.     Defendant BENNETT without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner, in that the Defendant BENNETT battered Plaintiff, hit him and caused Plaintiff to sustain injuries. Defendant BENNETT intended to hit, push and otherwise batter the Plaintiff. This unlawful touching was also accomplished by Defendant BENNETT without any justification. Defendant BENNETT intended to cause harm to Plaintiff or there was substantial certainty that harm would occur.

4

19.     Defendant BENNETT acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

20.     As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future.

## COUNT III
## BATTERY AGAINST DEFENDANT TOL

21.     Paragraphs 1 through 9 are hereby re-alleged and incorporated herein by reference. This Count is pled in the alternative.

22.     Plaintiff was battered by Defendant BENNETT during the course and scope of his relationship with TOL.

23.     Plaintiff is entitled to relief against Defendant TOL in that, on the occasion mentioned herein, Defendant TOL, through its agent and employee while acting within the scope of his employment with Defendant, without justification or the Plaintiff's consent, touched Plaintiff's persons in an offensive and harmful manner, in that TOL's agent and employee battered him, hit him, and caused Plaintiff to sustain serious injuries. Defendant, through its agent and employee, intended to hit, push and otherwise batter the Plaintiff. This unlawful touching was also accomplished by Defendant without any justification. Defendant intended to cause harm to Plaintiff or there was substantial certainty that harm would occur to him.

24.     Defendant TOL is liable for the intentional tort of its agent, Defendant

5

BENNETT, because the actions described herein were committed within the scope and course of BENNETT's employment with TOL and because the use of force is an inherent aspect of a security guard's employment and/or a security guard is a position in which the employee is likely to create friction with those they encounter.

25. As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiffs for the unlawful conduct alleged herein.

**COUNT IV**
**EXCESSIVE FORCE AGAINST DEFENDANTS SHERIFF AND BENNETT**

26. Plaintiff re-alleges paragraphs 1 through 10 above and incorporates those allegations in this Count. This Count is against Defendant SHERIFF and Defendant BENNETT.

27. Defendant SHERIFF, through his agent, Defendant BENNETT, operated to violate Plaintiff's rights under the Fourth Amendment to the Constitution of the United States of America, and violated Plaintiff's right to be free from the excessive use of force. All such claims are applicable to Defendants under the Fourteenth Amendment.

28. Defendant SHERIFF, through his agent, Defendant BENNETT committed battery against Plaintiff as described more fully above, without consent or lawful authority. These Defendants intended to cause this harmful and offensive contact with Plaintiff in that their harmful acts were deliberate and substantially certain to result in harm and offense.

29.     Defendants operated to violate Plaintiff's right not to be subjected to the

excessive use of force under the Fourth Amendment to the United States Constitution as

guaranteed to Plaintiff by the Constitution of the United States of America. These violations

were of the type and character as to which any reasonable person would be aware.

30.     Defendants are persons under applicable law. Defendants are liable, both jointly

and severally, to Plaintiff for the Defendants' conduct, individually and in concert, to violate the

civil rights of Plaintiff under the Fourth Amendment to the United States Constitution

31.     Defendant SHERIFF, through his agent, Defendant BENNETT, exceeded the

level of force necessary to enforce compliance with lawful commands and acted in bad faith and

with malicious purpose and in a manner exhibiting wanton and willful disregard of human rights,

safety and property.

32.     Defendants misused their power, possessed by virtue of state law and made

possible only because they were clothed with the authority of state law. The violation of

Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42

U.S.C. §1983.

33.     The foregoing actions of Defendants were willful, wanton and in reckless

disregard of each Plaintiff's rights, and were taken without any lawful justification and/or in the

absence of probable cause. The extreme physical abuse by law enforcement officers of this State

is not part of the penalty that citizens have to pay prior to, during and/or after being charged with

an offense against society and constitutes a cognizable claim of the excessive use of force in

violation of the Fourth Amendment. Defendants knew or should have known that the amount of

force used in effectuating the arrest or seizure of Plaintiffs was excessive given the circumstances

7

present and the clearly established law on use of force.

34.    Based upon the facts presented to Defendants and the applicable law, no reasonable law enforcement officer could have concluded that there existed any reasonable cause to batter, abuse, and torture Plaintiff. The law was well settled and clearly established that the actions of the Defendant's constituted the excessive use of force under the Fourth Amendment to the United States Constitution at the time the actions by these Defendants were committed.

35.    The actions or inactions of these Defendants as set forth in part above constituted a deliberate indifference or reckless disregard for the safety of Plaintiffs when they knew of and disregarded a risk to each Plaintiff's health and safety and thus their actions or inactions constituted the excessive use of force in violation of the Fourth Amendment to The United States Constitution.

36.    Defendant Sheriff acted with deliberate indifference in the failure to adopt a policy or in enforcing an improper policy for incidents like those described herein when it was obvious that the likely consequences of not adopting a policy or enforcing an improper policy would be a deprivation of civil rights to persons like Plaintiff.

37.    Defendant Sheriff also failed to implement adequate hiring, staffing and supervisory procedures to properly identifying deputies who were using excessive force, the direct result of which Plaintiff was battered and/or was subject to excessive force. Defendant Sheriff also failed to implement adequate procedures to investigate constitutional violations by its officers and to impose discipline on officers, specifically Defendant BENNETT in this case, when they engage in constitutional violations.

38.    Defendant SHERIFF, has final policy-making authority for the Bay County

8

Sheriff's Office. He is responsible for hiring, training, and supervising the law enforcement officers who work under him and, when necessary, for investigating alleged wrongdoing by his employees and disciplining those employees. At all times referred to herein, the Defendant SHERIFF acted under color of state law and failed to supervise, investigate and discipline the individual Defendant as alleged herein. Defendant's failure to supervise, investigate and discipline the Defendant BENNETT constitutes either an improper policy or the absence of a policy of the Defendant Sheriff which resulted in the deliberate indifference to the constitutional rights of the Plaintiff.

39.     The physical assaults and battery of Plaintiff violated the Fourth Amendment's proscription against the excessive use of force. Defendants misused their power, possessed by virtue of state law and made possible only because these Defendants were clothed with the authority of state law.

40.     As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

41.     Plaintiff has been forced to retain counsel to represent him to vindicate his rights. Pursuant to the provisions of 42 U.S.C. §1988, Plaintiff is entitled to an award of reasonable attorneys fees and costs. Punitive damages are sought against Bennett.

9

## COUNT V

## EXCESSIVE FORCE AGAINST DEFENDANT TOL

42.     Plaintiffs re-allege paragraphs 1 through 10 above and incorporates those allegations in this Count.  This Count is pled in the alternative.

43.     Defendant TOL, through Defendant BENNETT as its agent and official, operated to violate Plaintiff's rights under the Fourth Amendment to the Constitution of the United States of America, and violated Plaintiff's right to be free from the excessive use of force.  All such claims are applicable under the Fourteenth Amendment to Defendant, a private corporation which employs special police officers empowered with arrest authority.

44.     Defendant TOL, through its agent BENNETT, committed battery against Plaintiffs as described more fully above, without consent or lawful authority.  This Defendant intended to cause this harmful and offensive contact with Plaintiff in that it's harmful acts were deliberate and substantially certain to result in harm and offense.

45.     Defendant operated to violate Plaintiff's right not to be subjected to the excessive use of force under the Fourth Amendment to the United States Constitution as guaranteed to Plaintiff by the Constitution of the United States of America.  These violations were of the type and character as to which any reasonable person would be aware.

46.     Defendant further operated to violate Plaintiff's civil rights as protected by The Civil Rights Act, 42 U.S.C. §1983.  TOL is a person under applicable law.  Defendants are liable, both jointly and severally, to Plaintiff for the Defendants' conduct, individually and in concert, to violate the civil rights of Plaintiff under the Fourth Amendment to the United States Constitution

10

47.     Defendant TOL, through its agents alone and/or engaging in joint action with the government Defendant, exceeded the level of force necessary to enforce compliance with lawful commands and acted in bad faith and with malicious purpose and in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

48.     Defendant misused its power, possessed by virtue of state law and made possible only because it was clothed with the authority of state law because its agents possessed arrest power and/or because it willfully participated with government employees to violate Plaintiff's civil rights. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

49.     The foregoing actions of Defendant were willful, wanton and in reckless disregard of Plaintiff's rights, and were taken without any lawful justification and/or in the absence of probable cause. The extreme physical abuse by law enforcement officers of this State is not part of the penalty that citizens have to pay prior to, during and/or after being charged with an offense against society and constitutes a cognizable claim of the excessive use of force in violation of the Fourth Amendment. Defendant knew or should have known that the amount of force used in effectuating the arrest or seizure of Plaintiff was excessive given the circumstances present and the clearly established law on use of force.

50.     Based upon the facts presented to Defendant and the applicable law, no reasonable law enforcement officer could have concluded that there existed any reasonable cause to batter and abuse Plaintiff. The law was well settled and clearly established that the actions of the Defendants' constituted the excessive use of force under the Fourth Amendment to the United States Constitution at the time the actions by these Defendants were committed.

11

51.   The actions or inactions of these Defendants as set forth in part above constituted a deliberate indifference or reckless disregard for the safety of Plaintiff when it knew of and disregarded a risk to Plaintiff's health and safety and thus it's actions or inactions constituted the excessive use of force in violation of the Fourth Amendment to the United States Constitution.

52.   Defendant TOL delegated policy making authority to Defendant BENNETT and gave him the final authority to make use of force decisions. As such, TOL is liable for the actions complained of herein by Bennett.

53.   Defendant TOL has final policy-making authority over it's personnel, some of whom are law enforcement officers who dually act on behalf of TOL. Defendant is responsible for hiring, training, and supervising the law enforcement officers who work under it and, when necessary, for investigating alleged wrongdoing by it's employees and disciplining those employees. At all times referred to herein, the Defendant acted under color of state law and failed to train, supervise, investigate and discipline Defendant BENNETT as alleged herein. Defendant's failure to train, supervise, investigate and discipline Defendant BENNETT constitutes either an improper policy or the absence of a policy of Defendant TOL which resulted in the deliberate indifference to the constitutional rights of the Plaintiff.

54.   The physical assaults and battery of Plaintiff violated the Fourth Amendment's proscription against the excessive use of force. Defendants misused their power, possessed by virtue of state law and made possible only because these Defendants were clothed with the authority of state law.

55.   As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for

12

the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost

employment opportunities, lost wages, and the loss of other emoluments. These damages have

occurred at present, in the past and will most likely occur in the future. Defendants are further

jointly and severally liable to the Plaintiffs for the unlawful conduct alleged herein.

56.     Plaintiff has been forced to retain counsel to represent him to vindicate his rights.

Pursuant to the provisions of 42 U.S.C. §1988, Plaintiffs are entitled to an award of reasonable

attorneys fees and costs. Plaintiff is entitled to punitive damages against TOL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

    (a)    that process issue and this court take jurisdiction over this case;

    (b)    that this court grant equitable relief against Defendants under the

applicable counts set forth above, mandating Defendants'

obedience to the laws enumerated herein and providing other

equitable relief to Plaintiff;

    ©    that this court enter judgment against Defendants and for Plaintiff

awarding compensatory damages from all Defendants and punitive

damages to Plaintiff from the individual Defendants for

Defendants' violations, as provided by law;

    (d)    that this court enter judgment against Defendants and for Plaintiff

permanently enjoining Defendants from future violations of the

state and federal laws enumerated herein;

    (e)    that this court enter judgment against Defendants and for Plaintiff

13

awarding Plaintiff costs, attorney's fees, and interest as provided

by law; and

(f)    that this court grant such other and further relief as is just and

proper under the circumstances

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 23rd day of August 2013.

Respectfully submitted,

s/ Marie A. Mattox
Marie A. Mattox; FBN 0739685
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801

ATTORNEYS FOR PLAINTIFF

14